**Phil W. COCHREN, Plaintiff–Appellant,**

v.

**John BARNES, V.P. Gen. Mgr.; and Pepsi Americas, Inc., Defendants–Appellees.**

No. 02–3325.

United States Court of Appeals, Tenth Circuit.

Jan. 24, 2003.

Phil W. Cochren, Overland Park, KS, for Plaintiff–Appellant.

Katherine A. Hansen, Spencer, Fane, Britt & Browne, Kansas City, MO, Jeannie M. DeVeney, Spencer, Fane, Britt & Browne, Overland Park, KS, for Defendants–Appellees.

Before KELLY, McKAY, and MURPHY, Circuit Judges.

### ORDER AND JUDGMENT*

McKAY, Circuit Judge.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff, proceeding *pro se,* filed an action against his former employer and a vice-president of the company alleging violations of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.,* and Title VII, 42 U.S.C. § 2000e *et*

---

*seq.* Defendants filed a motion to dismiss alleging that Plaintiff had failed to exhaust his administrative remedies. The district court granted Defendants' motion finding that it lacked subject matter jurisdiction because Plaintiff had failed to exhaust his administrative remedies.

Our review of the record and the briefs reveals that Plaintiff has not exhausted his administrative remedies. Plaintiff has failed to present any evidence that he complained to the EEOC regarding his termination or any other acts of retaliation that form the basis for this lawsuit as required by 42 U.S.C. § 2000e–5(e)(1). Therefore, after a thorough review of the briefs and the record, we affirm for substantially the same reasons set forth in the district court's well-reasoned July 22, 2002, Order.

**AFFIRMED.**

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.